UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARQUIS JONES,

      Plaintiff,

v.

      CASE NO. 18-CV-10208
      HON. GEORGE CARAM STEEH

SAFEWAY MUFFLER SERVICE
CENTER, INC., ET AL.,

      Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (Doc. 12)**

**I. Overview**

Plaintiff, Marquis Jones, alleges he worked as an auto technician for Defendants Safeway Muffler Service Center, Inc., M & F Auto Clinic, Inc., Ali Fawaz and Mona Fawaz (collectively "Defendants") from October, 2014 to December, 2017, and that Defendants denied him overtime compensation in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"). Now before the court is Defendants' motion for summary judgment. Because Plaintiff has failed to establish that he was covered by the FLSA, Defendants' motion for summary judgment shall be granted.

## II. Background

Plaintiff alleges he worked for Defendants as an auto technician from October, 2014 to December, 2017. The Complaint alleges that Plaintiff worked approximately 58 hours per week, but was paid a salary of $750 per week with no overtime premium. (Doc. 1 at ¶¶ 16-18). Plaintiff submitted an affidavit that he performed vehicle repairs, which included work on engines and transmissions. (Doc. 14-2 at ¶ 5). He further avers that he knows a neighbor and relative who had their vehicles repaired at the shop regularly drove those vehicles out of state. *Id.* at ¶¶ 6-8. Defendants argue this assertion is hearsay and must be disregarded. The court has considered this averment as even without the declaration, it is obvious that vehicles sometimes travel out of state. He also avers that he would order parts from outside Michigan when local suppliers did not have parts, and that he used tools and auto parts which were manufactured outside Michigan. *Id.* at ¶¶ 9-10.

Defendants, on the other hand, allege that Mr. Fawaz hired Plaintiff in September, 2017 to work for Defendant M & F Auto Clinic. Defendants further argue that Defendant Safeway Muffler Service Center, Inc. was a business that never got off the ground, that it never operated, never had any employees or assets, and has been officially dissolved. Mr. Fawaz

testified at his deposition that Plaintiff worked as a helper, who performed small jobs such as cleaning brakes and cleaning up around the shop. (Doc. 12-4 at PgID 98). He further testified that he never serviced any commercial vehicles or foreign cars. *Id.* at PgID 97.

In the motion now before the court, Defendants argue that (1) Mona Fawaz was not an employer of Plaintiff, (2) Safeway Muffler Service Center never employed Plaintiff, (3) enterprise liability does not exist under the FLSA because Defendants never earned in excess of $500,000 per year, and (4) individual coverage does not exist because Plaintiff was not "engaged in commerce" as defined under the FLSA. Plaintiff does not dispute that enterprise liability is lacking because Defendants' annual revenues do not exceed $500,000, but argues individual coverage exists because Plaintiff was "engaged in commerce."

### III. Standard of Law

Federal Rule of Civil Procedure 56(c) empowers the court to render summary judgment "forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *See Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). The Supreme Court has

affirmed the court's use of summary judgment as an integral part of the fair and efficient administration of justice.  The procedure is not a disfavored procedural shortcut.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986); *see also Cox v. Kentucky Dep't of Transp.*, 53 F.3d 146, 149 (6th Cir. 1995).

The standard for determining whether summary judgment is appropriate is "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Amway Distributors Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Redding*, 241 F.3d at 532 (6th Cir. 2001). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original); *see also National Satellite Sports, Inc. v. Eliadis, Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

If the movant establishes by use of the material specified in Rule 56(c) that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law, the opposing party must come forward with "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968); *see also McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). Mere allegations or denials in the non-movant's pleadings will not meet this burden, nor will a mere scintilla of evidence supporting the non-moving party. *Anderson*, 477 U.S. at 248, 252. Rather, there must be evidence on which a jury could reasonably find for the non-movant. *McLean*, 224 F.3d at 800 (*citing Anderson*, 477 U.S. at 252).

## IV. Analysis

The FLSA requires an employer who is "engaged in interstate commerce" to pay its employee overtime compensation of one and one-half times his or her regular rate of pay for hours worked in excess of forty hours per week. 29 U.S.C. § 207(a). Before an employee is eligible for FLSA overtime, however, he must first demonstrate that he is covered under the Act. He may do so in one of two ways: first, he can show "enterprise" coverage, or second, he may show "individual" coverage. 29 U.S.C. § 201(a)(1); *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662

F.3d 1292, 1298 (11th Cir. 2011). Here, it is not disputed that there is no "enterprise" coverage as Defendants have less than $500,000 in annual gross income. Plaintiff seeks to proceed under the individual coverage theory only.

For individual coverage to apply under the FLSA, a plaintiff must provide evidence that he is "(1) engaged in commerce or (2) engaged in the production of goods for commerce." *Thorne v. All Restoration Serv., Inc.*, 448 F.3d 1264, 1266 (11th Cir. 2006); *see Kowalski v. Kowalski Heat Treating, Co.*, 920 F. Supp. 799, 803 (N.D. Ohio 1996). Here, Plaintiff alleges coverage under the first prong: that he was "engaged in commerce." In order to prove that he was "engaged in commerce," Plaintiff must show that his "activities are actually in or so closely related to the movement of commerce as to be a part of it." *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943). The burden of proof is upon the Plaintiff as the one asserting coverage, to prove that Defendant's employees are engaged in commerce or in the production of goods for commerce. *Thorne*, 448 F.3d at 1264.

In *McLeod*, which involved a cook for a railroad company, the Supreme Court held that the cook was not entitled to coverage under the "engaged in commerce" provision of the FLSA because he merely affected

commerce, but was not in the "channels of interstate commerce," such as operating or maintaining transportation facilities. *McLeod*, 319 U.S. at 493-94. Likewise, the court reaches the same conclusion here as to Plaintiff.

Plaintiff argues that he engaged in interstate commerce because he serviced cars which traveled outside Michigan, on occasion ordered out-of-state parts, and used parts that previously traveled in interstate commerce. None of these activities are sufficient to establish individual coverage under the facts presented here. First, it is not enough that his work involved the repair of automobiles. Numerous courts have considered individual coverage in the automotive context and have found that merely working on automobiles is not enough to give rise to individual coverage. For example, in *Navarro v. Broney Auto. Repair, Inc.*, 533 F. Supp. 2d 1223, 1226 (S.D. Fla.), *aff'd,* 314 F. App'x 179, 180 (11th Cir. 2008) (per curiam), the court held that an automotive repairman was not engaged in commerce for purposes of individual coverage under the FLSA, even where he installed out-of-state parts because he engaged in a "purely intrastate activity." *Id.; see Mendoza v. Detail Sols., LLC*, 911 F. Supp. 2d 433, 440 (N.D. Tex. 2012) (employee who prepares and details new cars for local dealerships not entitled to individual coverage under

FLSA); *Steimel v. Conway Prowash, LLC*, No. 1:15-cv-599, 2016 WL 7616509, at *3 (W.D. Mich. May 31, 2016) (employee whose duties including washing trucks at truck stop not entitled to individual coverage under FLSA); *Perez v. New Auto Image Mktg., Inc.,* No. 1:15-cv-21893, 2016 WL 7540272, at *7 (S.D. Fla. May 20, 2016) (employee who paints automobiles for local dealerships not entitled to individual coverage under FLSA); *Bauer v. Singh*, No. 3:09-CV-194, 2010 WL 5088126, at *11-12 (S.D. Ohio Dec. 7, 2010) (removing scrap parts from junk vehicles to fill customer orders does not amount to "engaging in commerce" under the FLSA and observing that "simply because the work performed by [plaintiffs] involved automobiles does not necessarily mean that they engaged in commerce.").

Plaintiff relies upon *Brennan v. Ventimilglia*, 356 F. Supp. 281, 282-83 (N.D. Ohio 1973) for the proposition that repairing automobiles amounts to engaging in commerce, but that case is distinguishable.  In *Brennan,* the court held that a gasoline service station which operated close to an exit on an interstate highway was a covered "enterprise" under the FLSA where several employees of the business sold fuel and auto parts, and defendant provided repair service through the use of a tow truck which provided services to motorists on the interstate highway.  *Id.* at 282-

83. By contrast, this case involves individual coverage, not enterprise coverage, and thus, analyzes the activities of the employee only and not the business of the employer. As the Supreme Court has observed, "[t]he nature of the employer's business is not determinative, [rather] the application of the Act depends upon the character of the employees' activities." *Overstreet v. N. Shore Corp.*, 318 U.S. 125, 132 (1943). In contrast to *Brennan*, this case involved only the intrastate repair of automobiles by Plaintiff and not the sale of gasoline or the towing of trucks on the interstate highway.

Similarly, Plaintiff's reliance on *Hertz Drivurself Stations, Inc. v. United States*, 150 F.2d 923 (8th Cir. 1945) for the proposition that merely working on automobiles is sufficient to give rise to individual coverage is misplaced. *Hertz Dirvurself* involved a commercial truck leasing company whose business was to lease trucks for interstate transportation, many of which delivered merchandise out of state, unlike the present situation which involves a small automotive repair shop whose only business was servicing non-commercial vehicles, mostly repeat customers, all of whom reside in state.

Second, the court considers Plaintiff's argument that he used out-of-state parts to repair automobiles. Merely handling goods that have previously traveled in interstate commerce does not constitute engaging in interstate commerce. *See Navarro*, 314 F. App'x at 180 ("The automotive parts were removed from the flow of interstate commerce when they arrived at the auto parts store;"); *Thorne*, 448 F.3d at 1267 ("[w]hen goods reach the customer for whom they were intended, the interstate journey ends and employees engaged in any further *intra*state movement of the goods are not covered under the Act); *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1313 (S.D. Fla. 2012) (merely handling food products and tools that traveled in interstate commerce insufficient to establish individual coverage under FLSA).

Plaintiff argues merely using goods that have traveled in interstate commerce is sufficient to give rise to individual coverage, but the cases Plaintiff relies upon involved enterprise coverage which imposes a requirement of overtime compensation where employees are involved in "handling, selling, or otherwise working on goods that have been moved in or produced for commerce" pursuant to 29 U.S.C. § 203(s). *See Brennan v. The Wilson Bldg.*, 478 F.2d 1090 (5th Cir. 1973); *United States v. Doochin,* No. 15,373, 1974 WL 1147 (M.D. Tenn. Mar. 22, 1974); *Williams*

*v. Hooah Sec. Serv., LLC*, No. 09-02376, 2011 WL 5827250 (W.D. Tenn. Nov. 18, 2011). There is no comparable "handling clause" in the individual coverage provisions of the FLSA.

Third, the court considers Plaintiff's argument that he sometimes ordered out-of-state parts. "An employee is subject to individual coverage if he is *directly* and *regularly* 'engaged in' interstate commerce." *Josendis*, 662 F.3d at 1315 (citing *Thorne,* 448 F.3d at 1266). "[I]ndirect or sporadic involvement in commerce is insufficient." *Id.* As the Eleventh Circuit has explained:

> [F]or an employee to be "engaged in commerce" under the FLSA, he must be *directly participating in the actual movement* of persons or things in interstate commerce by (i) working for an instrumentality of interstate commerce, *e.g.,* transportation or communication industry employees, or (ii) by regularly using the instrumentalities of interstate commerce in his work, *e.g.,* regular and recurrent use of interstate telephone, telegraph, mails, or travel.

*Thorne*, 448 F.3d at 1266 (emphasis added) (citing *McLeod,* 319 U.S. at 493–98). Here, Plaintiff has not demonstrated the regular and recurrent use of interstate telephone, mails, or travel. "'The burden is not sustained by pointing to some small incidental interstate activity of a fundamentally intrastate business.'" *Guyot v. Ramsey*, No. 14-cv-13541, 2016 WL 2866403, at *3 (E.D. Mich. May, 17, 2016) (quoting *Mitchell v. Welcome Wagon, Inc.,* 139 F. Supp. 674, 678 (W.D. Tenn. 1954)). It is important

- 11 -

that "'a substantial part of [Plaintiff s] work'" must be the engagement in interstate commerce for the Plaintiffs to successfully invoke individual coverage." *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 862 F. Supp. 2d 1309, 1312 (S.D. Fla. 2012), *as amended* (July 17, 2012) (quoting *Walling v. Jacksonville Paper Co.,* 317 U.S. 564, 572 (1943)). Plaintiff has not met his burden here.

Plaintiff relies on numerous published and unpublished cases, all of which are distinguishable. For example, *Coes v. World Wide Revival, Inc.*, No. 6:05-CV-563, 2007 WL 9719053, at *8 (M.D. Fla. Sept. 26, 2007) is distinguishable because the district court found individual coverage where the employee's primary job duty for her employer bus company was to arrange bus trips to travel out-of-state. But here, Plaintiff's primary responsibility involved the intrastate repair of personal automobiles. Also, *Stout* v. *Smolar*, No. 1:05-CV-1202, 2007 WL 2765519, at *4 (N.D. Ga. Sept. 18, 2007) is distinguishable because the plaintiff private investigator made numerous interstate calls and traveled out of state, and *DeArment v. Curtins, Inc.*, 790 F. Supp. 868, 870-71 (D. Minn. 1992), is distinguishable because the business was a telephone answering service, and employees regularly answered interstate calls. By contrast, Plaintiff here worked as an auto-technician whose primary duty was to repair vehicles intrastate,

and Plaintiff has not shown that his use of the telephone for interstate calls was a regular, systematic, and recurring part of his job.

The federal regulations also shed light on the fact-sensitive nature of the individual coverage inquiry:

> Employees are "engaged in commerce" within the meaning of the Act when they are performing work involving or related to the movement of persons or things (whether tangibles or intangibles, and including information and intelligence) among the several States or between any State and any place outside thereof. (The statutory definition of commerce is contained in section 3(b) of the Act and is set forth in § 779.12.) The courts have made it clear that this includes every employee employed in the channels of such commerce or in activities so closely related to this commerce, as to be considered a part of it as a practical matter. . . .Typically, but not exclusively, employees engaged in interstate or foreign commerce include employees in distributing industries, such as wholesaling or retailing, who sell, handle or otherwise work on goods moving in interstate commerce as well as workers who order, receive, pack, ship, or keep records of such goods; clerical and other workers who regularly use the mails, telephone or telegraph for interstate communication; and employees who regularly travel across State lines while working.

29 C.F.R. § 779.103.  Unlike the employees identified to be "engaged in commerce" in the above quoted regulation, Plaintiff did not work in a distributing industry, did not regularly use the mails or telephone for interstate communications, and never traveled across state lines while working.  Although Plaintiff repaired automobiles, he was not involved in

actually moving the vehicles out-of-state, as for example security guards who were deemed to engage in interstate commerce where they kept watch over commercial trucks and trailers at a parking yard where they were kept temporarily before and after they were used for interstate cargo shipments. *Dimingo v. Midnight-Xpress, Inc.*, 325 F. Supp. 3d 1299, 1310 (S.D. Fla. 2018). In sum, Plaintiff has not demonstrated that he was "engaged in commerce," and thus, is not entitled to individual coverage under the FLSA.

Finally, Plaintiff argues that even if this court dismisses his FLSA claim, the court should retain jurisdiction so that Plaintiff may add a state law claim under Michigan's Workforce Opportunity Wage Act of 2014 ("WOWA"), Mich. Comp. Law § 408.411 *et seq*. Having dismissed the only federal claim, however, this court would dismiss a supplemental state law claim without prejudice pursuant to 28 U.S.C. § 1367(c)(3). "Generally, once a federal court has dismissed a plaintiff's federal law claim, it should not reach state law claims." *Experimental Holdings, Inc. v. Farris*, 503 F.3d 514, 521 (6th Cir. 2007). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims." *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). Accordingly, the possibility

that Plaintiff may have a viable state law claim does not counsel against entering summary judgment on the only federal claim pled.

## V. Conclusion

Because both enterprise and individual coverage under the FLSA are lacking, IT IS ORDERED that Defendants' motion for summary judgment (Doc. 12) is GRANTED.

**IT IS SO ORDERED.**

Dated: February 19, 2019

                                   s/George Caram Steeh
                                   GEORGE CARAM STEEH
                                   UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
February 19, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk